**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

RICKY LEE ADAMS,

*Defendant-Appellant.*

No. 00-4713

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-76)

Submitted: June 21, 2001

Decided: June 29, 2001

Before WIDENER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**COUNSEL**

Thomas H. Eagen, EAGEN & EAGEN, Durham, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, L. Patrick
Auld, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## **OPINION**

PER CURIAM:

Ricky Lee Adams appeals his conviction and the 210-month sentence imposed by the district court following his guilty plea to conspiracy to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(A), 846 (West Supp. 2000). Adams' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but raising the following claims: (1) whether the court erred in imposing a two-level enhancement under *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (1998); (2) whether there was a sufficient factual basis to support Adams' guilty plea; and (3) whether the conspiracy involved a quantity of fifty grams or more of cocaine base. Adams has filed a pro se supplemental brief. We dismiss.

Adams signed a written plea agreement in which he agreed to waive his right to appeal his sentence on any ground, and his right to contest the conviction or sentence in any post-conviction proceeding, except on the grounds of ineffective assistance of counsel or prosecutorial misconduct not known to Adams at the time of his guilty plea. A defendant may waive the right to appeal if that waiver is knowing and intelligent. *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994). In determining whether a waiver is knowing and intelligent, we examine the background, experience, and conduct of the defendant. If the district court fully questions a defendant during the plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure, regarding the waiver of his right to appeal, generally the waiver is valid and enforceable. *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991).

The transcript of Adams' Rule 11 hearing reveals that he understood the full significance of the waiver provision of his plea agree-

ment. Adams stated that he had reviewed the written plea agreement, which he signed, with his attorney and that he was satisfied with counsel's services. The court summarized the plea agreement, including the waiver provision. Adams stated that he understood and agreed with the summary. When the district court specifically asked Adams about the waiver, he stated that he understood he was waiving his right to appeal. On these facts, we find that Adams' waiver was knowingly and voluntarily given. Because the only claims Adams' counsel raised are claims regarding the validity of his guilty plea and the calculation of his sentence, they are precluded by Adams' valid waiver of his appeal rights and we dismiss the appeal on that basis.[1] We further reject Adams' claims raised in his pro se supplemental brief.[2]

We have examined the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. We therefore dismiss the appeal of Adams' conviction and sentence. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*

---

[1]We note that, even assuming this Court has jurisdiction to entertain Adams' appeal, contrary to Adams' assertions, the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is not implicated in this case because the amount of drugs was charged in the indictment, and Adams' sentence did not exceed the statutory maximum. *United States v. Kinter*, 235 F.3d 192, 199-200 (4th Cir. 2000), *cert. denied*, 121 S. Ct. 1393 (2001).

[2]To the extent that Adams claims ineffective assistance of counsel, such claims are better raised in motions pursuant to 28 U.S.C.A. § 2255 (West Supp. 2000), where, as here, it does not appear conclusively on the trial record that the defendant was provided ineffective representation. *United States v. Hoyle*, 33 F.3d 415, 418-19 (4th Cir. 1994).